# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTES

| | |
|---|---|
| EMILY MACINTYRE and KEITH FITTS, individually and on behalf of all others similarly situated,<br><br>　　　Plaintiffs,<br>vs.<br><br>CURRY COLLEGE,<br><br>　　　Defendant. | Civil Action No.: 1:25-cv-10585-NMG<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Emily MacIntyre and Keith Fitts ("Plaintiffs"), on behalf of themselves and all others similarly situated, complain, and allege as follows.

## NATURE OF THE ACTION

1. This is a class action, under Federal Rules of Civil Procedure Rule 23, against Defendant Curry College ("Defendant" or "Curry") seeking statutory damages, injunctive relief, costs of the litigation and reasonable attorneys' fees, for Defendant's failure to timely pay wages on a weekly or bi-weekly basis to Plaintiffs and all other individuals employed at Curry College as Associate Lecturers, Lecturers, and Senior Lecturers and full-time faculty who taught overload courses during the "Class Period" (defined as the period from three years immediately preceding March 11, 2025 and continuing through the date of the final judgment of this matter) in violation of Massachusetts Wage Act (the "Wage Act").

2. The Wage Act ch. 149, § 148 provides in pertinent part, as follows:

> Every person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week, or to within seven days of the termination of the pay period during which the wages were earned if such employee is employed

1

seven days in a calendar week,…

3. Employers who violate these rules by paying their employees' wages after the deadlines provided in the Wage Act are liable to their employees for late payment of wages in an amount equal to three times their unpaid and/or late paid wages, plus interest, costs of the litigation and reasonable attorneys' fees. *See* M.G.L. ch. 149 § 150 and ch. 231, § 6H; *see also Reuter v. City of Methuen*, 184 N.E. 3d. 722, 781 (Mass. 2022); *George Nat'l Water Main Cleaning Co.,* 477 Mass. 371 (2017).

4. Defendant maintains a uniform policy and/or practice of paying Plaintiffs and other similarly situated employees monthly on the first of the month for the work performed during the previous month or even the month before that, even though Plaintiffs and similarly situated employees did not elect to be paid monthly.

5. However, pursuant to the Wage Act, Defendant was required to pay Plaintiffs and its other similarly situated employees no less frequently than bi-weekly and within six days of the termination of the pay period in which such wages were earned. *See* M.G.L. ch. 149 § 148.

6. Defendant's illegal wage policy and/or practice have resulted in wages being paid late and in the withholding of millions of dollars in wages, causing harm to Plaintiffs and other similarly situated employees.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction under 28 U.S.C. § 1332(d) because this a class action in which the aggregate amount in controversy for the proposed Class exceeds $5,000,000, and at least one member of the Class (i.e., Plaintiff Keith Fitts) is a citizen of a state different from that of Defendant.

8. Venue is appropriate in this Court under 28 U.S.C. § 1391 because Defendant resides within this judicial district.

9. On February 25, 2025, Plaintiffs requested authorization from the Massachusetts Office of the Attorney General, Fair Labor Division, to pursue their claims for late paid wages, on behalf of themselves, and on behalf of all other similarly situated employees, against

Defendant.  (Plaintiffs' Private Right of Action Authorization is forthcoming).

## PARTIES

10.     Plaintiff Emily MacIntyre resides in Forestdale, Massachusetts. Plaintiff MacIntyre was employed by Defendant as an Associate Professor from approximately August 2014 until December 2022.  Plaintiff MacIntyre taught an overload course in the Fall 2022 semester.

11.     Plaintiff Keith Fitts resides in Rochester, New Hampshire. Plaintiff Fitts has been employed by Defendant to teach courses since approximately fall of 2020.  Plaintiff Fitts was employed as an Associate Lecturer from approximately August 2020 through to the beginning of 2023, and as a Lecturer since approximately August 2023.

12.     Defendant is a private university located in Milton, Massachusetts. Its principal place of business at 1071 Blue Hill Avenue, Milton, Massachusetts.

## FACTUAL ALLEGATIONS

### A. Defendant's Pay Policy and/or Practice Applicable to Plaintiffs and Other Similarly Situated Employees

13.     Defendant Curry College is a private university founded in 1879.[1] Its main campus is located in Milton, and it has a satellite campus in Plymouth.  Curry College has over 2,000 students[2] and employs approximately 500 full- and part-time faculty.[3]

14.     Defendant employs full-time and part-time faculty to deliver course instruction to its students.

15.     Full-time faculty are employed pursuant to either one-year, two-year, or three-year contracts.

16.     Part-time faculty who hold the rank of Senior Lecturers are also employed pursuant to one-year contracts.  In addition, full-time faculty and part-time Senior Lecturers are sometimes employed to teach overload courses pursuant to supplemental overload contracts for

---

[1] See https://www.usnews.com/best-colleges/curry-college (last accessed February 28, 2025).
[2] Id. (last accessed February 28, 2025).
[3] See https://www.curry.edu/about-us/why-curry/fast-facts (last accessed February 25, 2025).

additional compensation.

17. When teaching courses under the one-, two-, or three-year contracts, full-time faculty and part-time Senior Lecturers are typically paid over 12 months. However, additional compensation for courses taught under overload contracts is not paid over 12 months. Rather, during the regular fall and spring semesters, for example, overload compensation is paid in four monthly installments.

18. Part-time faculty employed as Associate Lecturers and Lecturers are employed pursuant to one semester contracts and are also paid in monthly installments (e.g. four monthly installments for regular fall and spring semesters).

19. Throughout the Class Period, Defendant has maintained a policy and/or practice of paying earnings to Associate Lecturers and Lecturers as well as compensation for overload courses to Senior Lecturers and full-time faculty teaching overload courses, on the first of each month for the work performed during the previous month or even the month before that.

20. Specifically, fall semester classes begin at the end of August and run through the end of December. However, pursuant to its policy and/or practice, Defendant does not issue the first monthly paycheck under overload and one semester contracts for fall courses until October 1. The subsequent three, monthly paychecks are then issued on November 1, December 1, and January 1 of the following year. Thus, each paycheck is paid late.

21. For example, Plaintiff MacIntyre taught an overload course in the Fall 2022 semester. Defendant paid Plaintiff MacIntyre as follows: On October 1, 2022, Defendant issued the first monthly paycheck. Thus, Defendant paid Plaintiff MacIntyre her earnings for the work performed in August and September on October 1. On November 1, Defendant paid Plaintiff MacIntyre her earnings for the work performed in the month of October; on December 1, Defendant paid Plaintiff MacIntyre for the work performed in the month of November; on January 1, 2023, Defendant paid Plaintiff MacIntyre for the work performed in the month of December 2022.

22. Similarly, spring semester classes begin in mid to late January and run through

approximately mid-May.  However, Defendant does not issue the first monthly paycheck under overload and one semester contracts until March 1.  Thus, wages are paid late with each paycheck.

23. For example, for teaching for teaching a course in the Spring 2024 semester, Defendant paid Plaintiff Fitts as follows:  On March 1, 2024, Defendant paid Plaintiff Fitts his earnings for the work performed in January and February.  On April 1, Defendant paid Plaintiff Fitts his earnings for the work he performed in the month of March; on May 1, Defendant paid Plaintiff Fitts for the work he performed in the month of April; on June 1, Defendant paid Plaintiff Fitts for the work he performed in the month of May.

24. In sum, pursuant to its pay policy and/or practice, Defendant pays overload earnings and earnings pursuant to one-semester contracts late because Defendant pays those earnings more than six days after the termination of each pay period during which the wages are earned.

25. While Defendant pays Plaintiffs and Associate Lecturers, Lecturers, and Senior Lectures and full-time employees teaching overload courses their wages late each month, the wage statements Defendant issues are misleading in that they make is appear as if Defendant is paying Class Members on time and, in fact, early.  Each monthly wage statement lists the pay period beginning date as the first of the month, and the pay period end date as the last day of the month, with the pay date being the first of the month.  For example, Plaintiff Fitts' wage statements for the payment made on March 1, 2024 states that it covers the pay period from March 1 to March 31, 2024, and his June 1, 2024 wage statements states that it covers pay period the pay period from June 1 to June 30, 2024.  However, this is not the case because the four monthly, paychecks were meant to cover work performed during the spring semester i.e., in January, February, March, April, and May.

### B. Plaintiffs and Other Similarly Situated Employees Did Not Elect to Be Paid on a Monthly Basis

26. Plaintiffs and Associate Lecturers, Lecturers never elected to be paid on a

monthly basis, and Senior Lectures and full-time employees teaching overload courses never elected to be paid their additional compensation for overload courses on a monthly basis.

27. The Class, as defined below, comprises three groups of instructors: part-time instructors employed as Lecturers, part-time instructors employed as Associate Lecturers, Senior Lecturers teaching overload courses, and full-time instructors teaching overload courses.

28. During the Class Period, Curry College entered into a collective bargaining agreement ("CBA") with Curry College Chapter of the American Association of University Professors (June 1, 2021 – May 31, 2023).

29. The CBA contains a provision stating that certain full-time and part-time faculty members are to be paid base salaries in twelve monthly installments.

30. The provision reads as follows:

> Full-time faculty members and part-time faculty members with professorial rank listed in Article XII.A. shall receive their base salaries in twelve equal monthly installments on a one-month in advance basis; e.g., compensation for any pay period shall be paid on the first business day of the month for which the unit member is being paid.

CBA, Article XII.M.

31. According to the CBA, Associate Lecturers are not members of the union and are not covered by the CBA.

32. Part-time faculty employed as Lecturers are covered by the CBA. However, Lecturers are not one of the ranks listed in Article XII.A of the CBA. Thus, the above provision (Article XII.M) does not apply to Lecturers.

33. And, full-time faculty and Senior Lecturers teaching overload contracts are not paid additional overload compensation in twelve equal monthly installments. Rather, their overload compensation is paid in the same manner as compensation paid to Lecturers and Associate Lecturers teaching under one-semester contracts, i.e. monthly installment during the approximate duration of the semester.

34. Accordingly, there is also no provision in the CBA that elects on behalf of

6

Plaintiffs and Class Members to be paid on a monthly basis.

35. By delaying the payment of their wages, Defendant deprived Plaintiffs and the Class Members of their earnings in violation of the Wage Act.

## CLASS ACTION CLAIMS

36. Plaintiffs bring this action individually and on behalf of all other members of the Classes, defined as:

> All individuals employed at Curry College as Associate Lecturers during the Class Period ("Associate Lecturer Class").
>
> All individuals employed at Curry College as Lecturers during the Class Period ("Lecturer Class").
>
> All individuals employed as Senior Lecturers or as full-time faculty and who taught overload courses during the Class Period ("Overload Class").

The members of the Associate Lecturer Class, Lecturer Class, and Overload Class are collectively referred to herein as "Class Members."

37. Class certification is appropriate under Federal Rules of Civil Procedure, Rule 23, because there is a well-defined community of interest in the litigation, members of each proposed Class are easily ascertainable, Plaintiff Fitts is a proper representative of the Associate Lecturer Class and of the Lecturer Class, and Plaintiff McIntyre is a proper representative of the Overload Class.

    a. <u>Numerosity</u>: The potential members of each Class, as defined, are so numerous and so diversely located throughout Massachusetts as well as outside the state, that joinder of all the members of the Classes is impracticable.

    b. <u>Commonality</u>: There are questions of law and fact common to the Plaintiffs and the Classes that predominate over any questions affecting only individual members of the Classes. These common questions of law and fact include, without limitation:

7

      i. Whether Plaintiffs and Class Members were paid once a month (or on a less frequent basis);

      ii. Whether Defendant's pay policy and/or practice for Plaintiffs and Class Members violate the Wage Act ch. 149, § 148;

      iii. Whether Plaintiffs and Class Members elected at their own option to be paid monthly (or on a less frequent basis); and

      iv. Whether Plaintiffs and Class Members suffered injury of delayed compensation.

    c. <u>Typicality</u>: Plaintiffs' claims are typical of the claims of each Class. The claims of Plaintiffs are based on the same legal theories as the claims of the Class Members and challenge the same conduct of Defendant. Plaintiffs were paid under the same pay policy and/or practice, which resulted in late payment of wages in the same way and with the same frequency.

    d. <u>Adequacy of Representation</u>: Plaintiff Fitts is a member of the Associate Lecturer Class and of the Lecturer Class, and Plaintiff MacIntyre is a member of the Overload Class. Plaintiffs will fairly and adequately represent and protect the interests of the Classes. Plaintiffs' interests do not conflict with those of the Class Members. Counsel who represent Plaintiffs are competent and experienced in litigating large wage and hour class action and will devote sufficient time and resources to the case and otherwise adequately represent the Classes.

    e. <u>Superiority of Class Action</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to each Class predominate over any questions affecting only individual members of each Class. Thus, aggregation of individual claims into a class action is far more superior and efficient than bringing individual actions. Bringing this action as a class action will also prevent duplication of efforts and expense that individual actions would entail, and avoid the risk of inconsistent or varying adjudication of the issues presented herein, which, in turn, would establish incompatible standard for conduct of Defendant.

## COUNT I

### Violation of the Wage Act ch. 149, § 148 for Late Payment of Wages

38. Plaintiffs reallege and incorporate the allegations contained in every paragraph of this Complaint.

39. Plaintiffs and Class Members were and/or are employees of Defendant.

40. Throughout the Class Period, Defendant maintained a uniform policy and/or practice of paying Plaintiffs and Class Members their wages monthly (or on a less frequent basis) during their one-semester or one-term assignments, even though Plaintiffs and the Class Members did not choose or elect to be paid monthly.

41. Defendant's policy and/or practice of paying Plaintiffs and Class Members monthly (or on a less frequent basis) resulted in the wages earned by the Class Members being paid late and in Plaintiffs and the Class Members being denied the timely and prompt payment of their wages and the use of those wages, in violation of the Wage Act.

42. As a result, Defendant is liable to Plaintiffs and the Class Members for three times the amount of the late paid wages, plus interest, costs of the litigation and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

A. That the Court determine that this action may be maintained as a class action under Federal Rules of Civil Procedure, Rule 23, and define the Classes as requested herein;

B. Appoint Plaintiffs as Class Representatives;

C. Appoint the undersigned as Class Counsel;

D. That the Court find and declare that Defendant's policy and/or practice of paying Plaintiffs and Class Members once per month (or on a less frequent basis), violated the Wage Act.

E. That the Court award Plaintiffs and Class Members statutory damages in the amount equal to three times their unpaid and/or late paid wages, as liquidated damages, costs of the litigation and reasonable attorneys' fees, pursuant to the Wage Act ch. 149, § 150;

F. Award Plaintiffs and the Class all pre-judgment and post-judgment interest;

G. Issue a permanent injunction prohibiting Defendant from continuing its unlawful pay practices, i.e. its failure to pay Associate Lecturers, Lecturers, and Senior Lecturers and full-time faculty teaching overload courses, on at least a bi- monthly basis unless they specifically elect to be paid monthly, as required by M.G.L. ch. 149 § 148.

H. Award such other relief as the Court deems just.

## JURY DEMAND

Plaintiffs, on behalf of themselves and the Classes, demand a trial by jury as to the allegations in this Complaint.

Dated: April 22, 2025

Respectfully submitted,

HAMMONDLAW, P.C.

*/s/ Fran Rudich*
Fran Rudich (BBO 548612)

HAMMONDLAW, P.C.

*/s/ Julian Hammond*
Julian Hammond (admitted *pro hac vice*)

*Attorneys for Plaintiffs and the Putative Classes*