### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

EMILY MACINTYRE and KEITH FITTS,
Individually and on behalf of all others
similarly situated,

        Plaintiffs,

   v.

CURRY COLLEGE,

        Defendant.

Civil Action No. 1:25-cv-10585-NMG

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
### MOTION TO STRIKE THE DECLARATION OF JULIAN HAMMOND

Defendant Curry College ("Curry" or "Defendant") hereby submits its Memorandum of Law in support of its Motion to Strike. Curry moves to strike the declaration and accompanying exhibits submitted with Plaintiffs Emily MacIntyre and Keith Fitts' ("Plaintiffs") Opposition to Defendant's Supplemental Brief in Support of Its Motion to Dismiss. The declaration and accompanying exhibits are well outside the four corners of the Complaint, should not be considered on a Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") Motion to Dismiss, and should be stricken from the record.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

On March 11, 2025, Plaintiffs filed their Complaint, alleging that Curry violated the timely pay requirements of the Massachusetts Wage Act (Mass. Gen. Laws ch. 149, §§ 148, 150) ("the Wage Act") by failing to pay Associate Lecturers, Lecturers, and Senior Lecturers and full-time faculty for overload courses on a weekly, biweekly, or semimonthly basis. Am. Compl. ¶ 1. Plaintiffs allege that Curry "maintains a uniform policy and/or practice of paying Plaintiffs and other similarly situated employees monthly on the first of the month for the work performed during the previous month or even the month before that, even though Plaintiffs and similarly situated

1

employees did not elect to be paid monthly." Am. Compl. ¶ 4. Plaintiffs claim to seek certification of a class on these grounds.

On May 6, 2025, Curry filed a partial Rule 12(b)(6) motion to dismiss Plaintiffs' claims on behalf of Lecturers and Senior Lecturers and full-time faculty teaching overload courses.  Those claims turn on rights and obligations in a collective bargaining agreement between Curry and the Curry College Chapter of the American Association of College Professors (the "Union") and are thus preempted by Section 301 of the Labor Management Relations Act. Dkt. 22, 23. Plaintiffs opposed the motion, and Curry filed a reply brief in support of its motion. Dkt. 26, 29.

Then, on July 4, 2025, while Curry's partial motion to dismiss was still pending, Governor Maura Healey signed legislation that included Section 113 of Chapter 9 of the Acts and Resolves of 2025 ("Section 113") into law, which provides immunity to Curry from "any claim or cause of action…that alleges that the institution's…payment of wages on a monthly basis…violated section 148 of chapter 149 of the General Laws." Curry sought, and this Court granted, the right to file a supplemental brief in support of its Rule 12(b)(6) motion on the grounds that Section 113 provides complete immunity to the College on Plaintiffs' claims. Dkt. 32, 33, 34.

On October 3, 2025, Plaintiffs filed their opposition to Curry's supplemental motion. Dkt. 37. Plaintiffs attached a declaration of counsel to their opposition and included anonymized exhibits purportedly relating to pay; appointment terms; and Curry's academic calendars, none of which were explicitly referenced by or incorporated by reference into the Complaint. *Id.*

## II.    LEGAL ANALYSIS

### A.    Legal Standard

 "Ordinarily, [when considering a Rule 12(b)(6) motion], a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless

the motion is converted into one for summary judgment." *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). The only exceptions to this rule are "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claims; or for documents sufficiently referred to in the complaint." *Id.* (quoting *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)). It is expressly within the court's purview to strike such extraneous materials from the record and ignore them when deciding a Rule 12(b)(6) motion. *See Trans-Spec Truck Service v. Caterpillar, Inc.*, 524 F.3d 315, 321 (1st Cir. 2008) (lower court was entitled to ignore extraneous exhibits that were not incorporated in the complaint by reference).

**B.    This Court Should Strike the Declaration and Accompanying Exhibits.**

This Court should strike Attorney Hammond's declaration and accompanying exhibits as documents and information outside the four corners of the Complaint. There is no dispute that the proper standard governing Curry's supplemental motion to dismiss is the Rule 12(b)(6) standard.[1] Nonetheless, Plaintiffs attempt to end-run that well-established standard by submitting a declaration of their counsel purporting to attach a handful of anonymized documents. Attorney Hammond attaches three types of documents to his declaration: 1) anonymized appointment letters; 2) anonymized paystubs; and 3) the College's academic calendars for the years 2022-2023 and 2024-2025.[2] These documents do not fall within any of the exceptions to the Rule 12(b)(6)

---

[1] Moreover, the question of whether Section 113 applies to Plaintiffs' claims is a question of law based solely on the allegations within the four corners of the Complaint. *See Curtin-Wilding v. Boston University*, C.A. No. 1:25-cv-10432-RGS (D. Mass. Aug. 27, 2025) (ruling on employer's motion for judgment on the pleadings and holding Section 113 applied to plaintiffs' claims based on monthly pay being late under the Wage Act as a matter of law).
[2] While these academic calendars are publicly available on Curry's website, they are not properly before this Court.

standard – they are not incorporated by reference into Plaintiffs' Amended Complaint,[3] they are not authenticated, undisputed documents,[4] and due to redactions, it is not clear that they even relate to the Plaintiffs.  Plaintiffs do not even attempt to explain how these documents are properly before the Court in their Opposition.  They are not.

Instead, the Plaintiffs are attempting to attach incomplete, redacted, cherry-picked documents to further their theory of liability (all of which is already set out in the Complaint), none of which have any bearing on the legal question at issue in the College's supplemental brief. *See* College's Reply Brief, at pp 5-6. Whether Section 113 applies to the allegations in the Complaint can be squarely decided on the allegations within the four corners of the Complaint, without reference to anonymized, unauthenticated documents outside the Complaint.

## III.    <u>CONCLUSION</u>

WHEREFORE, Defendant Curry College hereby moves to strike the declaration and accompanying exhibits attached to Plaintiffs' Opposition to Defendant's Supplemental Brief in Support of Its Motion to Dismiss.

---

[3] None of the factual allegations in the Complaint are "expressly linked to" or "dependent upon" these documents such that they have become merged with the Complaint. *Beddall v. State Street Bank and Trust Co*., 137 F.3d 12, 17 (1st Cir. 1998).

[4] Curry has had no opportunity to assess the authenticity of the documents.  *See Patterson v. Bosch Marine, LLC*, 744 F. Supp. 3d 142, 148 (D. Mass 2024) (striking declaration and accompanying exhibit from a motion for judgment on the pleadings record where authenticity of document was challenged).  In fact, Curry has no ability to verify the authenticity of the documents because they are completely anonymized.  It is not clear whether these documents relate to the Plaintiffs' own employment with Curry, or someone else's.

DATED: November 4, 2025

Respectfully submitted,

CURRY COLLEGE,

By its attorneys:

_/s/ Molly C. Mooney_

Robert A. Fisher (BBO# 643797)
rfisher@seyfarth.com
Barry J. Miller (BBO# 661596)
bmiller@seyfarth.com
Molly C. Mooney (BBO# 687812)
mmooney@seyfarth.com
Seyfarth Shaw LLP
Two Seaport Lane, Suite 1200
Boston, Massachusetts 02210
Telephone:    (617) 946-4800
Facsimile:     (617) 946-4801

Gregory A. Manousos (BBO #631455)
Catherine M. Scott (BBO #691867)
MORGAN, BROWN & JOY, LLP
28 State Street, 16th Floor
Boston, MA 02109
(617) 523-6666
(617) 367-3125 (Fax)
gmanousos@morganbrown.com
cscott@morganbrown.com

<u>**CERTIFICATE OF SERVICE**</u>

I, Molly C. Mooney, hereby certify that on November 4, 2025, a true copy of the foregoing document was electronically filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Molly C. Mooney*_____
Counsel for Defendant