# Exhibit B

# MEMORANDUM

TO: Chair Aaron Michlewitz, House Committee on Ways & Means
FROM: Massachusetts AFL-CIO Legislative Department
DATE: April 28, 2025
RE: Amendment #460 to H.4000 & Background

---

### The Massachusetts Wage Act (Chapter 149, Section 148)

An essential component of our Commonwealth's strong wage and hour laws, Section 148 of Chapter 149 of General Laws outlines the timely payment of wages and penalties for employers who fail to comply. Employers are required to pay employees weekly or bi-weekly, unless an overtime exempt employee affirmatively requests to be paid on a less frequent schedule or if an employee is engaged in agricultural work.

The Wage Act establishes an important baseline for workers to expect their wages on a regular, frequent basis. Stability and frequency in receiving wages helps workers budget for the future while also having the ability to respond to unanticipated expenses that may arise in the short term. As many utilities and bills are on a monthly schedule, the payment of wages in weekly or bi-weekly increments aides workers in balancing the growing costs of childcare, housing, and healthcare.

Importantly, this law upholds high standards for employers of all kinds – the exemptions are few and are mostly associated with piece-work industries where workers are paid by the item or amount they produce, such as weavers and farm laborers.

Employers found in violation of the Wage Act are held strictly liable for treble damages, as established in Chapter 149, section 150 and illustrated through case law.

### Relevant Research and Case Law

#### Reuter v. City of Methuen (Mass. 2022)

- SJC mandated that employers must pay treble damages on Wage Act violations due to non-timely payment of wages. The specific circumstances in Reuter applied to the payment of all owed compensation on the day an employee is terminated.
- Justices in this decision underlined the "detrimental" impact that late payments can have on workers and strongly emphasized that the cost of delays or mistakes must be borne by the employer, not the employee. The penalty of treble damages is justified as a component of strict liability for employers and in line with the original intent of the law – to protect employees.

- - "Like the equivalent provision of the Federal Fair Labor Standards Act, the provision of liquidated damages recognized the reality underlying the Wage Act: that a late-paid worker can face consequences "so detrimental to maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers . . . that [treble] payment must be made in the event of delay in order to insure restoration of the worker to that minimum standard of well-being." George v. National Water Main Cleaning Co., 477 Mass. 371, 376 (2017), quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1945)." Reuter, at 9.
  - "One amicus claims that imposing treble damages for late paid wages would create perverse incentives for employers because the recovery would be the same whether they quickly corrected the mistake or let the matter proceed to a lawsuit without paying at all. By imposing strict liability, however, the Legislature has decided that employers rather than employees should bear the cost of such delay and mistakes, honest or not. See George, 477 Mass. at 379; Dixon, 464 Mass. at 452. The Legislature has chosen the stick rather than the carrot to encourage compliance with the act and to address a history of nonpayment and wage theft." Reuter at 12.
  - "The scope, requirements, and enforcement mechanisms of the act have varied greatly since it was first enacted, but in interpreting it, we have always recognized it was intended "for the protection of employees, who are often dependent for their daily support upon the prompt payment of their wages." Commonwealth v. New York Cent. & H.R.R.R., 206 Mass. 417, 424 (1910). See Melia v. Zenhire, Inc., 462 Mass. 164, 171 & nn.6-8 (2012) (describing history of Wage Act and noting "the 7 Legislature has highlighted [its] fundamental importance . . . by repeatedly expanding its protections"). Because of the potentially severe financial consequences of even a minor violation, the act not only "protect[s] wage earners from the long-term detention of wages by unscrupulous employers" (citation omitted), id. at 170, but also "impose[s] strict liability on employers," who must "suffer the consequences of violating the statute regardless of intent" (quotation and citations omitted), Dixon v. Malden, 464 Mass. 446, 452 (2013), quoting Somers v. Converged Access, Inc., 454 Mass. 582, 592 (2009)." Reuter at 6-7.

- George v. National Water Main Cleaning Co., 477 Mass. 371 (2017)
  - SJC ruled that violations of the Wage Act require the payment of treble damages under the 2008 amendments to chapter 149, section 150.

- "By its plain language, the 2008 amendment to § 150 mandates the award of treble damages for lost wages and benefits once an aggrieved employee prevails on a Wage Act claim; the plaintiff no longer need show that the defendant's conduct was "outrageous" to obtain such an award." George, 477 Mass. at 374-75.

Amendment #460 to H.4000

Amendment #460 to the House Ways & Means FY '26 Budget would add an outside section that mirrors components of *H.2164, An Act relative to institutions of higher education*. This section would add employees of "nonprofit institutions of higher education" and "nonprofit organizations that comprise health care delivery systems" to the list of those exempted from the MA Wage Act (Chapter 149, Section 148). Currently, only workers engaged in agricultural work are exempt. The amendment includes an additional outside section that would retroactively immunize these employers for liability for late-paid wages from July 1, 2024 onwards.

Carving out exemptions for employers, especially wealthy private colleges and healthcare systems with thousands of employees, represents a serious threat to the bedrock wage and hour laws that make Massachusetts a strong and competitive state to work in. Non profit organizations have a history of taking advantage of mission-driven labor as a reason to underpay and exploit their employees. Moreso, this change would not just apply to high-earners or salaried employees, but would also affect hourly workers who rely on the timely payment of wages week-to-week.

Every previous amendment to the Wage Act has strengthened the law, not weakened it. Nonprofit employers are not exempt from any other part of wage and hour protections under federal or state law – this would be a first-ever exemption. Additionally, there is no other retroactive exemption to claims for violations of the wage act - this would exempt even incredibly wealthy nonprofit employers from their obligations under state law which have been in place for decades.

There is no associated increased cost for nonprofit employers to pay their employees weekly or bi-weekly, but there IS a cost to employees who only receive a single paycheck a month.

**Ongoing Lawsuits for Late Payment of Wages**
- Amherst College
  - Two former Amherst College employees allege in lawsuit that receiving monthly pay violates state's wage laws
- Boston University

- <u>BU lecturer files $5 million class-action lawsuit, alleges University violated state wage laws</u>
- <u>Harvard University</u>
  - <u>Graduate School of Education Lecturer Sues Harvard Over Monthly Payments</u>
- Other ongoing lawsuits include Curry College and Mass General Brigham.

### Impacted Unions

- **1199 SEIU**
  - Representing healthcare workers
- **AFT MA**
  - Representing full- and part-time faculty, professional staff, and graduate workers
- **CIR-SEIU**
  - Representing interns and residents at nonprofit healthcare institutions
- **IUPAT DC-35**
  - Representing facilities workers at nonprofit colleges and universities
- **New England Joint Board UNITE HERE**
  - Representing cafeteria workers
- **MNA**
  - Representing nurses at nonprofit healthcare institutions
- **SEIU 32BJ**
  - Representing janitorial service workers at nonprofit colleges, universities, and workers at nonprofit healthcare institutions
- **SEIU Local 509**
  - Representing graduate workers, residential life workers, and part-time faculty
- **UAW Region 9A**
  - Representing graduate workers
- **UNITE HERE Local 26**
  - Representing cafeteria workers

### Recommended New Language

Please see the below recommended changes to Amendment 460:

Moves to amend the bill by adding the following section:

SECTION XX: "Section 148 of Chapter 149 of the General Laws is hereby amended by inserting after the words ~~"engaged in agricultural work" when they first appear, the phrase "employees of nonprofit institutions of higher education and employees of nonprofit organizations that comprise health care delivery systems."~~ "by the commonwealth or by any county, city or town", the following new paragraph: "With

respect to any claim or cause of action seeking any legal or equitable remedy or relief commenced on or after July 1, 2024 through the effective date of this legislation, nonprofit institutions of higher education and nonprofit organizations that comprise a health care delivery system, shall be only liable for the payment of outstanding unpaid wages, and attorney and court fees under any and all such claims alleging that the institution's or organization's payment of wages (a) on a monthly basis, or (b) pursuant to any written policy, schedule, or agreement presented to an employee concerning payment for work performed over an academic term, violated Section 148 of Chapter 149 of the General Laws."

~~And further amends the bill by adding the following new section:~~

~~SECTION XX: "With respect to any claim or cause of action seeking any legal or equitable remedy or relief commenced on or after July 1, 2024, nonprofit institutions of higher education and nonprofit organizations that comprise a health care delivery system, shall be immune from civil liability under any and all such claims alleging that the institution's or organization's payment of wages (a) on a monthly basis, or (b) pursuant to any written policy, schedule, or agreement presented to an employee concerning payment for work performed over an academic term, violated Section 148 of Chapter 149 of the General Laws."~~

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| MIDDLESEX, ss | SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT |
| WILLA HAMMITT BROWN and KIMBERLY TOPPING, individually and on behalf of all others similarly situated, | CIVIL ACTION NO. 2581-CV-00143 |
| Plaintiffs, | 9/11/2025 |
| v. | |
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE, | RECEIVED |
| Defendant. | |

CONSOLIDATED WITH:

| | |
|---|---|
| KIMBERLY TOPPING, on behalf of themself and all others similarly situated, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 2581-CV-00190 |
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE d/b/a HARVARD UNIVERSITY, | |
| Defendant. | |

## SUPERIOR COURT RULE 9A NOTICE OF FILING

Pursuant to Superior Court Rule 9A(b)(2)(iii), Defendant President and Fellows of Harvard University hereby gives notice of the filing of the following documents:

1. Defendant's Motion for Judgment on the Pleadings;
2. Defendant's Memorandum in Support of its Motion for Judgment on the Pleadings with Exhibit 1;
3. Plaintiffs' Opposition to Defendant's Motion For Judgment on the Pleadings with Exhibit A-B; and
4. Defendant's Reply in Support of its Motion Judgment on the Pleadings with Exhibits A-C.

TH

DATED: September 11, 2025

Respectfully submitted,

PRESIDENT AND FELLOWS OF HARVARD COLLEGE,

By its attorneys:

*/s/ Molly C. Mooney*
Robert A. Fisher (BBO# 643797)
rfisher@seyfarth.com
Barry J. Miller (BBO# 661596)
bmiller@seyfarth.com
Molly C. Mooney (BBO# 687812)
mmooney@seyfarth.com
Elizabeth L. Sherwood (BBO # 687866)
bsherwood@seyfarth.com
Seyfarth Shaw LLP
Two Seaport Lane, Suite 1200
Boston, Massachusetts 02210
Telephone:   (617) 946-4800
Facsimile:   (617) 946-4801

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2025 a true copy of the foregoing document was served via email upon Plaintiffs' counsel as follows:

Francis J. Bingham
Francis.bingham@binghamhopkins.com
Brook Hopkins
Brook.hopkins@binghamhopkins.com
Bingham Hopkins LLC
20 University Road, Suite 500
Cambridge, MA 02138

Raymond Dinsmore, Esq
rdinsmore@hayberlawfirm.com
Richard E. Hayber, Esq
rhayber@hayberlawfirm.com
Ryan B. Guers, Esq.
rguers@hayberlawfirm.com
Hayber, McKenna, & Dinsmore, LLC
One Monarch Place, Suite 1340
Springfield, MA 01144

Shannon Liss-Riordan, Esq.
hlichten@llrlaw.com
sliss@llrlaw.com
Matthew W. Thomson, Esq.
mthomson@llrlaw.com
Lichten Liss-Riordan, P.C.
729 Boylston Street, Suite 200
Boston, MA  02116


                                                        */s/ Molly C. Mooney*
                                                        Molly C. Mooney